UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMELDA SNYPE, ) | CASE NO. 5:09cv422 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| LERNER, SAMPSON & ROTHFUSS, ) LLP, et al., ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. ) | |

On February 24, 2009, *pro se* Plaintiff Emelda Snype filed this action against Lerner, Sampson & Rothfuss, LLP, Deutsche Bank National Trust Company, First Franklin Financial Corp., John D. Clunk, LLC, Taft Stettinius & Hollister LLP, Barnett Management, Barrington Masters Association, United Securities Management Services LLC, Remax & Agents, Century 21 Twin Oaks, and ten John Doe defendants. In the Complaint, Plaintiff alleges that Defendants converted to their own use property owned by her and located at 350 Aberdeen Lane, Aurora, Ohio. Plaintiff seeks monetary damages.

**I.     Background**

Plaintiff's home underwent foreclosure proceedings in Portage County, for which a judgment in favor of the lender was issued on June 23, 2006. Plaintiff filed for bankruptcy and a stay was issued, which was ultimately lifted so that sale of the home could proceed. Plaintiff sought an injunction to prevent the sale from occurring, which was denied. *See Snype v. First Franklin Corp.*, No. 5:08cv1280, 2008 WL 2227336 (N.D.Ohio May 27, 2008).

Plaintiff now apparently contends that she has suffered a due process violation by the granting of summary judgment in the Portage County Court of Common Pleas. She further alleges that this action arises under 42 U.S.C. § 1983 and 42 U.S.C. § 2000e.

**II.     Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

For the reasons stated herein, Plaintiff has failed to set forth a basis for this Court's jurisdiction. She makes a passing reference to an alleged denial of her due process rights, in addition to citing two inapposite federal statutes. However, none of these claims may proceed.

Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes that authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys.*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision would present a viable vehicle for the assertion of a due process claim, the Court construes that claim as arising under 42 U.S.C. § 1983, which Plaintiff also asserts as one of the bases for this action.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privilege, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered as acting "under color of state law," the person must be a state or local government official or employee. None of the Defendants named in the Complaint are government entities; each is a private party. Inasmuch as Defendants are not state actors, no claim raised by Plaintiff under § 1983 may proceed.

Plaintiff has also attempted to assert a claim under 42 U.S.C. § 2000e, which is the statute providing for equal employment opportunities. Under no theory could this statute possibly apply to Plaintiff's allegations as set forth in the Complaint. As explained above, there are limits to this Court's attempts to construe *pro se* pleadings, and the Court will not "guess at the nature of the claim[s] asserted" or invent theories that might permit a claim to survive. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Finally, Plaintiff may be attempting to attack the decision of the Portage County Court of Common Pleas granting summary judgment in favor of Defendants. She states the following her in Complaint: "The Plaintiff complains of a summary judgment in which due process was not granted to her. This judgment was entered into [sic] [by] the Portage County Court of Common Pleas and bears the following caption: 2008 CV 01707 SNYPE, EMELDA VS. FIRST FRANKLIN FIN CORP et al LJP." Complaint at ¶ 4. She does not directly name the Common Pleas Court as a party, nor does she make any further claim with respect to the court's judgment. However, in an abundance of caution, the Court will construe this paragraph of the Complaint as an attempt to challenge the summary judgment ruling.

To the extent that Plaintiff has attempted to make such a challenge, the Court would be unable to consider her claims. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a

party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).

The United States Court of Appeals for the Sixth Circuit has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Catz*, 142 F.3d at 293 (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-97 (8th Cir. 1990)).  The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in a plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id. See also Tropf*, 289 F.3d at 937.

The Rooker-Feldman doctrine clearly precludes this Court from exercising jurisdiction over any claim Plaintiff may be attempting to assert with respect to the Common Pleas Court's

summary judgment ruling. Any such claim clearly falls within the Sixth Circuit's analysis under the Rooker-Feldman doctrine, both because this Court's consideration of the summary judgment ruling would effectively be another level of appellate review, and because the Court construes such a claim to be an allegation of harm arising from the ruling itself.

## IV.     Conclusion

For all of the reasons set forth herein, Plaintiff has failed to state a claim upon which relief may be granted in this Court. None of the named Defendants are state actors, and therefore none of the claims raised under § 1983 may proceed. Any claims brought under 42 U.S.C. § 2000e are without any basis in law. Finally, any attempts to challenge the state court's ruling on Defendants' motion for summary judgment are precluded by the Rooker-Feldman doctrine.

This action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies that an appeal from this dismissal could not be taken in good faith.[1]

>     IT IS SO ORDERED.

DATED: March 10, 2009                        /s/ *John R. Adams*_____
                                             Judge John R. Adams
                                             UNITED STATES DISTRICT COURT

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."